### M. C. SIM, ETC., *v.* SAMUEL WAGGONER, ETC.

**Deeds—Self-Contradicting Certificate of Acknowledgment—Construction —Surplusage.**

The grantor being the owner of the land in fee sold the same to her grantee for a valuable and full consideration, and by a deed executed jointly with her husband conveyed the same, with covenants of general warranty, and the certificate of acknowledgment recites that she appeared before the commissioner of deeds and severally acknowledged that she executed the same as her free act and deed for the uses and purposes therein expressed. She was examined separately and apart from her husband and the contents and effect of the deed explained to her, and she freely acknowledged same, with the intention thereby to renounce, give up and quit claim her two-thirds and right of dower in the estate.

Held, that the concluding sentence in the certificate is inconsistent and irreconciliable with the residue thereof, and is mere surplusage, as it does not apply to any estate held by the grantor, and should, therefore, be disregarded.

APPEAL FROM PENDLETON CIRCUIT COURT.

April 6, 1871.

OPINION BY JUDGE PETERS:

Mrs. Charlott Waggoner, wife of Samuel Waggoner, of the city of New York, being the owner in fee of a tract of land of about 268 acres in the county of Pendleton, Kentucky, sold the same to Mrs. Mary C. Martin for a valuable and full consideration in June, 1860, and by a deed executed jointly with her husband, conveyed the same to her vendee; which deed was acknowledged before R. A. Watkinson, commissioner in the City of New York appointed by the governor of Kentucky to take the acknowledgment of deeds, etc. Who, after stating that fact, certifies that the grantors, who were personally known to him to be the same individuals named in the instrument, appeared before him on the 11th of June, 1860, and severally acknowledged that they executed the same as their free act, and deed, for the uses and purposes therein expressed, and wished it certified, and recorded as such, and that the said Charlott Waggoner being examined by him privily and apart from, and out of the presence of her husband, and the contents, and effect of said instrument being by him fully explained to her, she did then and there acknowledge to him that she executed, sealed and delivered the same for the uses and purposes therein mentioned freely, and without any fear, compulsion, or undue influence of, or from her said husband or anyone with the intention thereby to renounce, give up, and quit claim her *two-thirds* and right of dower of, and in said estate, and that she was satisfied therewith, and did not wish to retract the same.

Whether the deed, with the acknowledgment of Mrs. Waggoner thus certified is sufficient to invest Mrs. Martin, her vendee, with an indefeasible title to the land is the only question involved in the controversy.

Mrs. Waggoner is named in the premises as a grantor, recites the consideration as having been paid, which appears to be the full value of the land, grants the fee by the terms of the deed, and warrants the title to her vendee; and the only difficulty in the case arises from the last paragraph, or sentence of the elaborate and self-contradicting certificate of acknowledgment of the commissioner heretofore substantially recited. The purposes of the deed as therein clearly expressed, were to in-

vest Mrs. Martin with the absolute title to the land, that Mrs. Waggoner, as the commissioner certifies in a previous part of his certificate, on privy examination, after its contents and effect were explained to her by him, acknowledged the deed. In her derivation of title is recited, and it there appears that she owned the fee simple estate in the land, and had no dower interest whatever, this she knew, for in the deed she declares she is lawfully seized of the land, and in the *habendum,* stipulates that Mrs. Martin, her heirs and assigns are to have and to hold the same forever. So that there is no expressed intention either in the deed or certificate proceeding the last sentence on the part of Mrs. Waggoner to renounce her two-thirds, and right of dower "in said land," on the contrary the existence of any such intention is repealed by the contents of the deed, and certificate and by the nature of the transaction.

The commissioner does not certify that Mrs. Waggoner *declared* at the time that such was her intention, but it seems to be rather his conclusion of her intention.

The concluding sentence of the certificate is inconsistent and irreconcilable with the residue thereof, and to give it the effect contended for would be to defeat the manifest intention of the grantors, and the purposes of the grant. It is mere surplusage, as it does not apply to any estate held by Mrs. Waggoner, and should therefore be disregarded. Wherefore the judgment is *reversed,* and the cause is remanded with directions to overrule the demurrer to the petition and for further proceedings consistent herewith.

*Ireland & Deadrick, for appellant.*

*Lee, for appellee.*